IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ACUITY, a Mutual Insurance Company,

    Plaintiff,

v.                                                    No. _____

AIR PROS HEATING 7 COOLING LLC, a New Mexico Corporation
CASH CONSTRUCTION, LLC, KORY CASH,
DWAYNE HATTEN and MICHELLE HATTEN

    Defendants.

## ACUITY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Acuity, a Mutual Insurance Company ("Acuity"), by and through its attorneys of record, BUTT THORNTON & BAEHR PC (James H. Johansen and Amy E. Headrick), and pursuant to 28 U.S.C. §2201 and Fed.R.Civ.P. 57, requests declaratory judgment that Acuity does not owe a duty to defend, indemnify, or reimburse Air Pros Heating & Cooling, LLC, Cash Construction, LLC or Kory Cash. In support of Acuity's Complaint for Declaratory Judgment, Acuity states as follows:

### PARTIES AND JURISDICTION

1. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

2. Acuity is a foreign company doing business in the State of New Mexico, with its principal place of business in Sheboygan, Wisconsin. Acuity is organized pursuant to the laws of the State of Wisconsin.

3. Air Pros Heating & Cooling, LLC, is a New Mexico Corporation doing business in Cibola County, New Mexico.

4. Cash Construction, LLC, is a New Mexico Corporation doing business in Cibola County, New Mexico.

5. Kory Cash is a builder engaged in the business of home construction in Cibola County, New Mexico. Kory Cash is the owner of Air Pros Heating & Cooling, LLC and Cash Construction, LLC.

6. Dwayne Hatten is a citizen and resident of Grants, New Mexico.

7. Michelle Hatten is a citizen and resident of Grants, New Mexico.

8. Complete diversity of citizenship exists between Plaintiff and all Defendants.

9. This matter is a declaratory judgment action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure based upon an insurance contract issued by Plaintiff Acuity to Defendants Air Pros Heating & Cooling, LLC, and Kory Cash, policy number K90531 with effective dates April 14, 2012 through April 14, 2013.

10. The insurance contract between Plaintiff Acuity and Defendants Air Pros Heating & Cooling, LLC and Kory Cash was formed in the State of New Mexico.

11. The amount in controversy exceeds $75,000.00.

12. Venue is proper because the insurance contract at issue was entered into in New Mexico.

13. An actual case and controversy of a justiciable nature exists between Plaintiff Acuity and Defendants involving the rights and obligations of the parties under the Bis-Pak Business Liability and Medical Expenses Coverage Form ("Bis-Pak") policy of insurance issued

by Plaintiff to Defendants Air Pros Heating & Cooling, LLC, and Kory Cash with respect to damages claimed in a suit filed by Defendants Dwayne and Michelle Hatten for breach of contract related to the construction of their home in Grants, New Mexico against Defendants Air Pros Heating & Cooling, LLC, Cash Construction, LLC and Kory Cash. Resolution of this controversy is dependent upon construction of the insurance contract and may be determined as a matter of law in this action without resort to any factual findings in the underlying suit.

## UNDERLYING CASE AND RELEVANT FACTS

14. On February 15, 2016, Dwayne and Michelle Hatten ("the Hattens") filed their Complaint for construction defects related to their new home against Air Pros Heating & Cooling, LLC, Cash Construction, LLC and Kory Cash ("Construction Defendants") in the Thirteenth Judicial District Court of New Mexico, Cibola County ("Underlying Case").

15. In the Complaint, the Hattens alleged they entered into a construction contract with the Construction Defendants and paid $291,000.00 for the construction of a new home in Grants, New Mexico. The Hattens further alleged they have experienced a variety of defects in the home, which they allege were caused by the negligence of the Construction Defendants.

16. The Hattens allege multiple construction defects, including cracks in the tile and foundation, cracks in the walls, separation of the rood, cracks in the stucco, leaking in the roof, electrical failures and code violations caused by faulty workmanship.

17. The Hattens allege that despite the Construction Defendants numerous attempts to repair the problems in the new home, the cracking continues to manifest throughout the home.

18. The Hattens' Complaint alleges claims for damages for property damage, consequential damages, loss of use damages and diminutions of property value damages based on allegations of negligence, negligence per se, breach of contract, breach of express warranty,

fraud and intentional or negligent misrepresentation. The Hattens seek recission of the construction contract, monetary damages and punitive damages due to the construction defects caused by faulty workmanship.

19. On or about December 22, 2015, Plaintiff Acuity was provided notice of the Hattens claims against the Construction Defendants for construction defects related to their new home.

20. Acuity subsequently conducted an investigation of the Hattens' claims and the construction defect allegations in order to determine if there was coverage for defense or indemnity under the Bis-Pak policy.

21. On April 18, 2016, counsel for Plaintiff Acuity sent a letter to Defendant Kory Cash agreeing to provide a defense to Defendants Cash and Air Pros Heating & Cooling, LLC, subject to a full reservation of rights, specifically reserving its right to a determination of coverage and its duty to defend under the Bis-Pak policy in a declaratory judgment action. In that same letter, Acuity declined to provide a defense to Cash Construction, LLC, which was not a named insured on the Bis-Pak policy issued by Acuity.

22. The Acuity Bis-Pak policy issued to Defendants Air Pros Heating & Cooling, LLC and Kory Cash provides no coverage to the Construction Defendants for the claims made against them in the Hattens' Complaint based upon the language of the policy, the coverage provisions and the exclusions. As a result, the Construction Defendants are not entitled to a defense or indemnification by Acuity for the claims made by the Hattens.

## POLICY PROVISIONS

### No Occurrence

23. Acuity repeats and realleges the allegations contained in Paragraphs 1 through 22 as though fully set forth in their entirety.

24. The Acuity Bis-Pak policy provides that Acuity "will pay those sums that the insured becomes legally obligated to as damages because of bodily injury, property damage or personal and advertising injury to which this insurance applies." *See* Acuity Bis-Pak Business Liability and Medical Expenses Coverage Form (the pertinent portion of the policy), attached as **Exhibit A**.

25. The Hattens' Complaint alleges damage to property only; the Complaint contains no allegations of bodily injury. *See* Hattens' Complaint, attached as **Exhibit B**.

26. The Hattens' Complaint against the Construction Defendants asserts seven (7) causes of action: Negligence, Negligence Per Se (based on code violations), Breach of Contract, Breach of Express Warranty, Fraud and Intentional or Negligent Misrepresentation, Recission and Damages.

27. Under the Acuity Bis-Pak policy, the insurance applies to bodily injury and property damage only if the bodily injury or property damage is caused by an "occurrence" that takes place in the coverage territory, and the bodily injury or property damage occurs during the policy period, subject to other limitation and exclusions. *See* **Exhibit A**.

28. The Acuity Bis-Pak policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* **Exhibit A**.

29. The claims asserted by the Hattens in their Complaint are for faulty workmanship and defective construction of their home, and are not considered accidents, because they are not unexpected or unforeseen events, and therefore these claims do not constitute an occurrence under the Acuity Bis-Pak policy.

30. There is no coverage for the Construction Defendants under the Acuity Bis-Pak policy for any of the claims asserted by the Hattens against them, and Acuity has no duty to defend or indemnify the Construction Defendants, because the claims do not constitute an occurrence under the policy.

### Exclusions a, k, l, m and n

31. Acuity repeats and realleges the allegations contained in Paragraphs 1 through 30 as though fully set forth in their entirety.

32. The Acuity Bis-Pak policy contains Exclusion a, which states the insurance does not apply to "property damage expected or intended from the standpoint of the insured." *See* **Exhibit A**.

33. To the extent the Hattens' Complaint alleges property damage that falls under Exclusion a of the Acuity Bis-Pak policy, there is no coverage for the Construction Defendants and no duty to defend them for any claims based on these allegations.

34. The Acuity Bis-Pak policy contains Exclusion k, which states the insurance under the Bis-Pak policy does not apply to property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it," in addition to other specific exclusions. *See* **Exhibit A**.

35. To the extent the Hattens' Complaint alleges property damage that falls under Exclusion k of the Acuity Bis-Pak policy, there is no coverage for the Construction Defendants and no duty to defend them for any claims based on these allegations

36. The Acuity Bis-Pak policy contains Exclusion l, which states the insurance under the Bis-Pak policy does not apply to "[p]roperty damage to your product arising out of it or any part of it." *See* **Exhibit A**.

37. To the extent the Hattens' Complaint alleges property damage that falls under Exclusion l of the Acuity Bis-Pak policy, there is no coverage for the Construction Defendants and no duty to defend them for any claims based on these allegations.

38. The Acuity Bis-Pak policy contains Exclusion m, which states the insurance under the Bis-Pak policy does not apply to "[p]roperty damage to your work arising out of it or any part of it and included in the products-completed operations hazard." *See* **Exhibit A**.

39. To the extent the Hattens' Complaint alleges property damage that falls under Exclusion m of the Acuity Bis-Pak policy, there is no coverage for the Construction Defendants and no duty to defend them for any claims based on these allegations.

40. The Acuity Bis-Pak policy contains Exclusion n, which states the insurance under the Bis-Pak policy does not apply to "[p]roperty damage to impaired property or property that has not been physically injured, arising out of: (1) A defect, deficiency, inadequacy, or dangerous condition in your product or your work; or (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms," with certain limitations. *See* **Exhibit A**.

41. To the extent the Hattens' Complaint alleges property damage that falls under Exclusion n of the Acuity Bis-Pak policy, there is no coverage for the Construction Defendants and no duty to defend them for any claims based on these allegations.

WHEREFORE, Plaintiff, Acuity, a Mutual Insurance Company, respectfully asks this Court for a declaration that pursuant to the Acuity Bis-Pak Liability Policy issued to Air Pros Heating & Cooling, LLC, there is no duty to defend or indemnify Air Pros Heating & Cooling, Inc., Cash Construction, LLC, and Kory Cash for the allegations contained in Dwayne and Michelle Hatten's Complaint.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

*/s/ James H. Johansen*
James H. Johansen
Amy E Headrick
*Attorney for Acuity Insurance*
PO Box 3170
Albuquerque, NM  87190-3170
Telephone:  (505) 884-0777
jhjohansen@btblaw.com
aeheadrick@btblaw.com